IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JERMOL D. GENTRY,<br>JOE W. CAREY, II, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. CIV-14-310-W |
| LAWTON CORRECTIONAL<br>FACILITY/WARDEN<br>RIOS, | )<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Pro se inmates Jermol Gentry and Joe Carey initiated the present action under 42 U.S.C. § 1983 alleging that Defendants violated their constitutionally protected rights. Doc. 1. United States District Court Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). The undersigned recommends that the Court dismiss Plaintiff Carey without prejudice on grounds of infeasible joinder.

I.  Plaintiffs' joinder.

Generally, Fed. R. Civ. P. 20(a) allows multiple plaintiffs to join together when: (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact

common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)-(2). However, the Court has discretion to disallow joinder when it is infeasible or prejudicial. *See Hefley v. Textron, Inc.*, 713 F.2d 1487, 1499 (10th Cir. 1983) (holding that Fed. R. Civ. P. 20 "is permissive; whether to allow such joinder is left to the discretion of the trial judge"); *Pinson v. Whetsel*, No. CIV-06-1372-F, 2007 WL 428191, at *1 (W.D. Okla. Feb. 1, 2007) (unpublished order) (holding that "the Court can disallow joinder when it would be infeasible or prejudicial").

As noted above, both Plaintiffs are inmates. To litigate together, Plaintiffs must *both* sign every document that they jointly file. *See* Fed. R. Civ. P. 11(a). And, any motion that one files separately must be served on the other plaintiff. *See* Fed. R. Civ. P. 5(a). Most importantly, one inmate may not legally represent another. *See Lyons v. Zavaras*, 308 F. App'x 252, 255 (10th Cir. 2009) (holding that the district court did not abuse its discretion in denying inmate's motion, filed on behalf of other prisoners, because "a pro se litigant may not represent other pro se litigants in federal court"). Thus to successfully litigate together, Plaintiffs must be able to communicate.

Plaintiffs are housed at a large state correctional facility, with over 2,500 beds.[1] Plaintiff Gentry has acknowledged the manifest practical difficulties of maintaining this joint prison litigation. He has already complained numerous times that the case cannot continue – indeed, Plaintiffs cannot even pay their filing fees – without an opportunity for them to meet face-to-face, something that prison officials apparently will not allow. Docs. 7, 8, 10, 11. In fact, in Plaintiffs latest filing, Plaintiffs seek an injunction to force prison officials to allow them to meet together. Doc. 15. In that document, Plaintiff Gentry states that he needs "to explain and help Mr. Carey with . . . paperwork he receives from this Court." *Id.*[2] These filings illustrate the very concerns associated with multi-plaintiff pro se prisoner litigation. *See Pinson*, 2007 WL 428191, at *1 (describing several reasons why allowing pro se inmates to join as plaintiffs is "impractical" and collecting cases in support). Clearly, Plaintiffs are not in a position to efficiently and effectively confer with one another, review proposed pleadings, and then sign them within the court's deadlines.

Given the practical realities of pursuing joint litigation within a large state prison system, the undersigned finds that Plaintiffs' joinder is infeasible

---

[1] *See* http://www.ok.gove.doc/Organization/Field Operations/West Institutions/Lawton Correctional Facility.html (last visited May 12, 2014).

[2] The undersigned is concerned that Plaintiff Gentry is attempting to legal represent his co-plaintiff, an action that is disallowed and potentially prejudicial to Plaintiff Carey.

3

and one plaintiff should be dismissed. *See* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.").

Under Rule 21, "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Severance under Rule 21 is not limited solely to curing misjoinder of parties, given that the rule explicitly provides that the court may sever "any" claim against a party. *See generally,* 7 C. Wright, *et al.*, Federal Practice & Procedure: Civil § 1682, at 474 (3d ed. 2001) ("The application of Rule 21 has not been limited to cases in which parties were erroneously omitted from the action or technically misjoined contrary to one of the party joinder provisions in the federal rules."); 4 J. Moore, Moore's Federal Practice, § 21.02, at 21–3 (3d ed. 2013) ("The text of the Rule does not, however, limit its operation to such situations [of improper joinder of parties]. The courts have properly concluded that they may issue orders under Rule 21 even in the absence of misjoinder or nonjoinder of parties, to structure a case for the efficient administration of justice . . . ."). So, even if Plaintiffs satisfy the standard for permissive joinder under Rule 20(a), the court may refuse joinder and sever claims in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *See also, e.g., Pinson*, 2007 WL 428191, at *1 (denying inmate plaintiff's motion to join other prisoners as

plaintiffs on grounds that joinder of pro se inmates is "impractical" and could "serve to prejudice one or more of the plaintiffs" and collecting cases in support); *Chambers v. Roberts*, No. 13-3195-SAC, 2013 WL 6670521, at *2 (D. Kan. Dec. 18, 2013) (unpublished order) (dismissing two of three joined inmate plaintiffs due to the "impracticalities associated with multiple-plaintiff prisoner litigation" and noting that one problem in particular would be "that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation" (citation omitted)).

Plaintiff Gentry has been the dominate filer thus far. Accordingly, the undersigned recommends that Plaintiff Carey be dismissed from the action and be instructed that if he wishes to pursue his claims, he must file an independent action.

## II. Recommendation and notice of right to object.

The undersigned finds that Plaintiffs joinder is infeasible and recommends that the Court dismiss Plaintiff Carey from the action without prejudice. Adoption of the recommendation will vacate the undersigned's order granting Plaintiffs' motion for leave to proceed in forma pauperis, Doc. 6, and will moot Plaintiffs' motion for an injunction to force prison officials to allow Plaintiffs to meet and discuss the case. Doc. 15. Also, if the Court adopts the recommendation, the undersigned anticipates issuing a new order

on Plaintiff Gentry's motion for leave to proceed in forma pauperis, Doc. 2, and ordering him to file an amended complaint limiting the claims to his own personal allegations.

The parties are advised of their right to file an objection to the report and recommendation with the Clerk of this Court by the 2ND day of June, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make a timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation does not terminate the referral in the present case.

ENTERED this 13th day of May, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE